United States Magistrate Court
DSQ-SDTX
FILED
APR 1 8 2012
David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CRIMINAL ACTION NO. L-12-185-04 |
| MARCUS MICKLE, A.K.A., JUNIOR<br>*Defendant* | § | |

## ORDER

A detention hearing in accordance with 18 U.S.C. § 3142(f) was held in this case on April 17, 2012. The Defendant, MARCUS MICKLE, A.K.A., JUNIOR, is charged under Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), with conspiracy to possess and possession with intent to distribute approximately one hundred (100) kilograms of marijuana. After considering the facts in this case and under the Bail Reform Act, the Court REQUIRES THE DETENTION of the Defendant, MARCUS MICKLE, A.K.A., JUNIOR, pending trial in this case.

### FINDINGS OF FACT

Per the Pretrial Services Report, Defendant is a 20-year-old United States citizen born in Columbia, South Carolina. Defendant's parents are both United States citizens, residing in Columbia, South Carolina. He has two brothers and two sisters, who are also United States citizens. Defendant's siblings reside in Columbia, South Carolina. Defendant maintains regular contact with his family. Defendant is single with one child from a previous relationship.

Defendant reported graduating from high school in the United States. He

attended Midland Technical Institute for one semester, but did not complete the program. Defendant's current girlfriend is enrolled in a Graduate Equivalency Degree (GED) program.

Defendant has prior criminal history. In 2009, Defendant was convicted of and served time for a misdemeanor offense of unlawful carrying of a weapon and possession of marijuana. In April 2011, Defendant was convicted of the misdemeanor offense of discharging firearms into a dwelling. In August 2011, in South Carolina, Defendant was charged with the misdemeanor offense of children's code violations by an adult. In March 2012, the charge was upgraded to a felony, and the Defendant was indicted on the felony charge of inflicting great bodily injury upon a child. Defendant is currently on bond for the state charge.

The Government argued for the ongoing detention of the Defendant pending trial because he presents a danger to the community. The Government proffered the Pretrial Services Report. The Government argued that the Defendant has violent tendencies due to the nature of offenses that he has been charged with and convicted of. Moreover, the Government argued that the Defendant has been a nuisance to the community due to his criminal history and has no financial ties to the community because he has been unemployed for the past two (2) years. Furthermore, the Government argued that the Defendant is currently out on bond for a state case but was still engaging in criminal activity, due to the instant offense. The Government argued that the Defendant has been identified as a member of the Bloods gang.

Defense counsel argued that Defendant is not a danger to the community. Defense counsel argued that the Defendant has stable work history and is currently

working as a self-employed mechanic. Defense counsel argued that the Defendant is not a convicted felon, and that the felony pending in South Carolina will likely be dismissed because the child was returned to the custody of the Defendant and his girlfriend. Defense counsel further argued that the Defendant is not a member of the Bloods gang. Aside from the present charges, Defense counsel argued that the Defendant has minimal criminal history, thus Defendant is not a danger to the community. Moreover, Defendant is not flight risk because he does not possess a passport.

The Pretrial Services Report recommended detention.

## REASONS FOR DETENTION

Defendant has been charged with violating Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), with conspiracy to possess and possession with intent to distribute approximately one hundred (100) kilograms of marijuana. The minimum statutory penalty is five (5) years up to forty (40) years imprisonment. 21 U.S.C. § 841(b)(1)(B). To order the detention of the Defendant, the Court must find that no condition or combination of conditions will reasonably assure the appearance of the Defendant or guarantee the safety of any other person and the community. 18 U.S.C. § 3142(e). When claiming the Defendant poses a flight risk, the Government's evidentiary burden is preponderance of the evidence. 18 U.S.C. § 3142(f). When claiming the Defendant poses a danger to the community, the Government's evidentiary burden is clear and convincing evidence. *Id.* Pursuant to 18 U.S.C. § 3142(g), the Court must consider the following factors in determining whether to detain the Defendant:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic;
2. The weight of evidence against the person;

3

3. The history and characteristics of the person, including-
   a. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
   b. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Based on the nature and circumstances of the offenses charged, criminal history of the Defendant, personal characteristics of the Defendant, and the weight of evidence against him, the Court finds that the Government has shown by clear and convincing evidence that the Defendant is a danger to the community and **should be detained** until trial.

The Defendant is charged with conspiracy to possess and possession with intent to distribute in excess of one hundred (100) kilograms of marijuana. In the Indictment filed against the Defendant, the Government alleges that the Defendant was conspiring with his co-defendants to attempt to possess in excess of one hundred (100) kilograms of marijuana. Per the Pretrial Services Report, Defendant's criminal background report identifies him as a member of the Bloods gang. Furthermore, the Defendant has two (2) prior misdemeanor convictions dealing with weapon charges, including a conviction for discharging firearms into a dwelling. Furthermore, the Defendant has been indicted and is out on bond for a state charge that involves inflicting great bodily injury upon a child. Defendant admittedly is a daily marijuana user, which may impede his appearance at

required court settings. Also, the Defendant is unemployed and has no significant ties to the community. Based on the information presented by the Government, there is clear and convincing evidence that the Defendant poses a danger to the community and risk of flight.

## DIRECTIONS REGARDING DETENTION

This Court finds that the Government has met its evidentiary burden to support its assertion that the Defendant, MARCUS MICKLE, A.K.A., JUNIOR, poses a danger to the community. Therefore, IT IS ORDERED that the Defendant be detained pending trial.

IT IS SO ORDERED.

SIGNED this 18th day of April, 2012.

DIANA SONG QUIROGA
United States Magistrate Judge